66 F.3d 317
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerrell ALLEN, Defendant-Appellant.
 No. 95-5075.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 22, 1995.
Decided: Sept. 14, 1995.
 
 Gregory B. English, ENGLISH & SMITH, Alexandria, VA, for Appellant.
 Helen F. Fahey, United States Attorney, Gerald J. Smagala, Assistant United States Attorney, Alexandria, VA, for Appellee.
 Before HALL, HAMILTON, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jerrell Allen appeals his convictions for assault with a dangerous weapon, 18 U.S.C. Sec. 113(c) (1988); assault with a dangerous weapon on a correctional officer, D.C.Code Ann. Sec. 22-505(b) (1989); and prisoner possession of a weapon, 18 U.S.C.A. Sec. 13 (West Supp.1995), assimilating Va.Code Ann. Sec. 53.1-203.4 (1994). We affirm.
 
 
 2
 * In June 1994, while confined in maximum security at Lorton Reformatory, Allen attacked another inmate with a homemade shank. Correctional Officer Ethel Turner-El became involved in the fray before other officers arrived on the scene and Allen fled to his cell with the weapon. According to Allen's version of the incident, he bought marijuana from Farmer, who had been supplied by Turner-El. Turner-El attempted to collect $15 owed her on the day in question. When Allen replied that he did not have it, Farmer attacked Allen with the shank. Allen recovered the weapon in the struggle and stabbed Farmer in self-defense. He denied pointing the shank at Turner-El.
 
 
 3
 Prior to trial, the Government moved to exclude certain information about Turner-El, including (1) her arrest in December 1990 for assaulting a police officer; and (2) two suspensions for failure to report to work. Counsel for Allen argued that the evidence supported Allen's defense: that Turner-El sold drugs to inmates to pay legal expenses and to supplement the income she lost in her suspensions. The district court granted the motion on the ground that the information was not relevant and its prejudicial effect outweighed its probative value. Turner-El and Allen were the only witnesses at trial. The jury found Allen guilty, and the judge sentenced him to seventy-two months for assault on a corrections officer, to run concurrent with sixty months for assault with a deadly weapon and prisoner possession of a weapon. The district court imposed three years of supervised release on each count, to run concurrently, and a $50 special assessment on each count.
 
 II
 
 4
 Allen contends on appeal that the district court should have allowed counsel to cross-examine Turner-El concerning the excluded material. He asserts that the evidence was admissible under Fed.R.Evid. 607, to show bias, and under Fed.R.Evid. 404(b), to show motive.
 
 
 5
 A criminal defendant has a fundamental right to effectively cross-examine a witness to show bias. Davis v. Alaska, 415 U.S. 308, 315-16 (1974). However, a trial court has wide latitude to impose reasonable limits on cross-examination to prevent harassment or prejudice to the witness, and questions of marginal relevance. Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). The trial court has the duty to protect witnesses from questioning designed merely to annoy or humiliate. United States v. McMillon, 14 F.3d 948, 956 (4th Cir.1994). The district court's restrictions on cross-examination are reviewed for abuse of discretion. United States v. Carty, 993 F.2d 1005, 1010 (1st Cir.1993).
 
 
 6
 The district court in this case found that the proffered evidence at issue was not relevant, and that its prejudicial impact outweighed its probative value. Fed.R.Evid. 403. Allen's counsel thoroughly cross-examined Turner-El, and presented Allen's version of events both through cross-examination and through Allen's testimony. Allen offered no other evidence which would suggest that Turner-El was in dire financial straits or was selling drugs to inmates. The district court's decision to restrict cross-examination was a reasonable exercise of its discretion and was not prejudicial to Allen. United States v. Gravely, 840 F.2d 1156, 1163 (4th Cir.1988).
 
 
 7
 We affirm Allen's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED